1          **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF OHIO**
2                **EASTERN DIVISION**

3    **UNITED STATES OF AMERICA,**   )   **Case No. 1:20-cr-186**
                                     )   **Youngstown, Ohio**
4              **Plaintiff,**        )   **Monday, August 15, 2022**
                                     )   **10:17 a.m.**
5         **vs.**                    )
                                     )
6    **ETHAN SHIVES,**               )
                                     )
7              **Defendant.**        )

8               **TRANSCRIPT OF PROCEEDINGS**
        **BEFORE THE HONORABLE CARMEN E. HENDERSON**
9            **UNITED STATES MAGISTRATE JUDGE**

10           **ARRAIGNMENT AND PLEA HEARING**
               **HELD VIA VIDEOCONFERENCE**
11
     **APPEARANCES:**
12
     **For the Plaintiff:**
13       Office of the U.S. Attorney
         Northern District of Ohio
14       **By:**  Michael A. Sullivan, Esq.
         Suite 400
15       801 Superior Avenue, West
         Cleveland, Ohio  44113
16       (216) 622-3977
         michael.a.sullivan@usdoj.gov
17

18

19

20              **Mary L. Uphold, RDR, CRR**
        Thomas D. Lambros Federal Building and U.S. Courthouse
21               125 Market Street, Room 337
                 Youngstown, Ohio  44503-1780
22                    (330) 884-7424
                 Mary_Uphold@ohnd.uscourts.gov
23

24        Electronic recording transcribed by mechanical
     stenography from a digital audio recording; transcript
25   produced by computer-aided transcription.

2

1    **APPEARANCES (CONTINUED):**

2    **For the Defendant:**
     Law Office of Craig M. Kadish & Associates
3    **By:**  Craig M. Kadish, Esq.
     Suite 2805
4    111 South Calvert Street
     Baltimore, Maryland  21202
5    (410) 837-0020
     info@kadishlawfirm.com
6
     Milano Law
7    **By:**  Jerome A. Milano, Esq.
     2639 Wooster Road
8    Rocky River, Ohio  44116-2911
     (440) 356-2828
9    jm@milanolaw.com

10

11                              - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2                     - - -

3              THE CLERK:  Court calls Case Number 1:20-cr-186-6,

4    the United States of America versus Ethan Shives.

5              The Honorable Carmen E. Henderson is presiding.

6              THE COURT:  Okay.  Good morning, everyone.  We are

7    here today for Mr. Shives' change of plea hearing.

8              Before we get started, can I have counsel please

9    identify themselves for purposes of the record?

10             MR. SULLIVAN:  Good morning, Judge.  On behalf of

11   the United States, Michael A. Sullivan.

12             MR. KADISH:  Good morning, Your Honor.  For the

13   record, Craig Kadish, K-a-d-i-s-h, on behalf of Ethan

14   Shives.

15             MR. MILANO:  Along with me, Judge, Jay Milano for

16   Mr. Shives.

17             THE COURT:  All right.  Thank you.

18             As I stated, we are here today for Mr. Shives'

19   plea hearing.  Well, actually his arraignment and change of

20   plea hearing, I should say.

21             The purpose of this arraignment, Mr. Shives, is to

22   make you aware of [unintelligible] information

23   [unintelligible] your constitutional rights.

24             Mr. Shives, we are in the midst of the COVID-19

25   pandemic, and therefore, I am conducting this proceeding by

1    video.  I am doing that under the authority provided in the

2    CARES Act and the standing order issued by the chief judge

3    of this court pursuant to that act.

4            Additionally, the Federal Rules of Criminal

5    Procedure, specifically 10(c), allow me to conduct your

6    arraignment by video with your consent.

7            Mr. Shives, are you able to clearly see and hear

8    everyone on the video?

9            THE DEFENDANT:  Yes, I can see everybody, hear

10   everybody.

11           THE COURT:  All right.  Thank you.  And will you

12   please let me know if at any point you cannot clearly see or

13   hear someone?

14           THE DEFENDANT:  Yes.

15           THE COURT:  All right.  And prior to the hearing,

16   Mr. Shives, did you speak with your attorney about appearing

17   by video?

18           THE DEFENDANT:  Yes.

19           THE COURT:  All right.  And I have in front of me,

20   which we will go over later when we get to the change of

21   plea hearing part, a form entitled "Consent to Video

22   Teleconferencing at Change of Plea Hearing" that purports to

23   be signed by you and your attorney.

24           So based on that, it's my understanding that you

25   do give permission to proceed by video.  Is that correct,

1    Mr. Shives?

2              THE DEFENDANT:  Yes.

3              THE COURT:  All right.  Thank you.

4         I find that the defendant has knowingly and

5    voluntarily agreed to participate by videoconference.

6              Mr. Shives, you are here regarding a supplemental

7    information filed against you on July 15, 2022.  I am now

8    going to have the Assistant United States Attorney go over

9    the charge in that supplemental information.

10             Mr. Sullivan?

11             MR. SULLIVAN:  Thank you, Judge.

12             Judge, the supplemental information charges

13   Mr. Shives with -- Shives with one count of -- it says Count

14   5 of the indictment altogether, but one count of receipt of

15   visual depictions of minors engaged in sexually explicit

16   conduct.  It's a violation of 18 U.S. Code Section

17   2252(a)(2).

18             Did you want me to go through the penalties as

19   well?

20             THE COURT:  Sure.

21             MR. SULLIVAN:  So that charge carries potential

22   penalties of 20 years in prison, with a minimum mandatory

23   sentence of 5 years, up to lifetime supervised release with

24   a minimum term of 5 years' supervised release, a $100

25   mandatory special assessment, an additional potential of

1      $5,000 special assessment pursuant to the Victims -- Justice

2      for Victims of Trafficking Act.

3                  THE COURT:  All right.  Thank you.

4                  Mr. Shives, do you waive the reading of the

5      indictment or would you like the indictment -- or sorry,

6      supplemental information or would you like the information

7      read?

8                  THE DEFENDANT:  I will waive it.

9                  THE COURT:  All right.  Thank you.

10                 And, Mr. Shives, are you a citizen of the United

11     States?

12                 THE DEFENDANT:  Yes.

13                 THE COURT:  All right.  Thank you.

14                 Next I want to advise you of your right to an

15     attorney.  You have the right to be represented by counsel

16     at every stage of these proceedings.  You have the right to

17     retain the counsel of your choosing.  However, if you

18     couldn't afford counsel, the court would appoint counsel to

19     represent you.

20                 Do you understand your right to counsel?

21                 THE DEFENDANT:  Yes.

22                 THE COURT:  All right.  And it's my understanding

23     you have retained Mr. Kadish and Mr. Milano to represent you

24     in this matter, and they are here to represent you today.

25                 Is that correct, Mr. Shives?

1            THE DEFENDANT:  Yes.

2            THE COURT:  All right.  Thank you.

3            Additionally, you have the right to remain silent.

4     You are not required to make a statement.  Anything you say

5     can be used against you.  If you start to make a statement,

6     you may stop at any time.  You may also consult with your

7     counsel at any time.

8            Do you understand your right to remain silent?

9            THE DEFENDANT:  Yes.

10           THE COURT:  All right.  Thank you.

11           Pursuant to the Due Process Protections Act, the

12    court reminds the government of its obligations under *Brady*

13    to disclose evidence favorable to defendant and material to

14    the defendant's guilt or punishment.

15           The government is ordered to comply with *Brady* and

16    its progeny.  The failure to do so in a timely manner may

17    result in consequences, including dismissal of the

18    indictment or information, exclusion of government evidence

19    or witnesses, adverse jury instructions, dismissal of

20    charges, contempt proceedings, sanctions by the court, or

21    any other remedy that is just under the circumstances.

22           All right.  Is it going to be Mr. Kadish or

23    Mr. Milano who I should be directing my questions to today?

24           MR. KADISH:  You can address me, Your Honor, if

25    that suits you.

1          THE COURT:  That's fine.

2          All right.  So it's my understanding that your

3    client, Mr. Shives, intends to plead guilty to Count 5 of

4    the supplemental information.

5          Is that correct?

6          MR. KADISH:  That is correct.

7          THE COURT:  All right.  Thank you.

8          All right.  In order for us to go ahead and do

9    that, there are a couple of things that I need to do today

10   in order for us to do that, Mr. Shives.

11         First, I note that you either talked about -- you

12   filled out this consent to -- what is it -- consent to video

13   teleconferencing at the change of plea hearing.

14         And did you discuss this form with your attorney

15   prior to signing it, Mr. Shives?

16         THE DEFENDANT:  Yes.

17         THE COURT:  All right.  And you agree, as I

18   stated, to proceed by videoconference?

19         THE DEFENDANT:  Yes.

20         THE COURT:  All right.  Thank you.

21         In accordance with the standing order of this

22   court, the court finds that the defendant, Mr. Shives, has

23   consented to video teleconferencing to conduct his change of

24   plea hearing today after consultation with counsel.

25         This court further finds that this proceeding

1    cannot be further delayed without serious harm to the

2    interests of justice.  Due to the COVID-19 pandemic, the

3    court is faced with a backlog of criminal cases.

4           The indictment for this particular case was filed

5    on March 12th, 2020.  A warrant was subsequently issued.

6    Mr. Shives was arrested in the District of Maryland on July

7    15th, 2020, and arraigned in the Northern District of Ohio

8    on August 31st, 2020.

9           This is a supplemental information in this case.

10   It was filed on July 15th, 2022.  And the defendant has

11   notified the court that he wishes to plead by video

12   teleconferencing for many reasons to proceed with this case,

13   and also to avoid quarantine from in-person hearing.

14          Based on that, the court finds the hearing will be

15   conducted by video teleconferencing today.

16          In addition to that form that we needed to go

17   over, Mr. Shives, I also need to go over with you consent to

18   order of referral for purposes of your hearing to a

19   magistrate judge.  This form also purports to be signed by

20   you and your attorney, as well as the attorney for the

21   government.

22          Mr. Shives, did you go over this form with your

23   attorney prior to signing it?

24          THE DEFENDANT:  Yes.

25          THE COURT:  All right.  And, Mr. Shives, do you

1    understand that you have the right to offer your guilty plea

2    to the district judge in this case?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And do you understand that by giving

5    consent to my jurisdiction, you are giving up your right to

6    offer your plea to the district judge?

7              THE DEFENDANT:  Yes.

8              THE COURT:  All right.  Thank you.

9              Understanding all that, do you still wish to offer

10   your plea before me, Mr. Shives?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right.  Thank you.

13             The consent is accepted and we will proceed with

14   Mr. Shives' change of plea hearing.

15             All right.  During this hearing, Mr. Shives, I am

16   going to have to ask you a number of questions.  And I am

17   going to be going over your constitutional rights with you.

18             If at any time you have any questions about what

19   I'm asking you, will you please let me know?  Also, if you

20   have a question that you need to speak with your attorneys

21   about, will you please let me know?

22             THE DEFENDANT:  [Inaudible].

23             THE COURT:  All right.  And before we proceed, I

24   want to remind you that you have a constitutional right to

25   plead not guilty.  Even though you have expressed intent to

1    plead guilty, you have a right to change your mind and to

2    plead not guilty at any time before I accept your plea,

3    which will be at the end of this hearing.

4            Do you understand that, Mr. Shives?

5            THE DEFENDANT:  Yes.

6            THE COURT:  All right.  One other form that I need

7    to go over, it's called a waiver of indictment.  This form

8    also, Mr. Shives, purports to be signed by you and signed by

9    your attorney.

10           Do you understand that the government can only

11   proceed against you by an information with your consent in

12   writing?

13           THE DEFENDANT:  Yes.

14           THE COURT:  All right.  And do you understand that

15   if you waive indictment by the grand jury, the case will

16   proceed by criminal information as if you have been

17   indicted?

18           THE DEFENDANT:  Yes.

19           THE COURT:  All right.  And did you discuss

20   waiving your right to indictment with your attorney prior to

21   signing this form?

22           THE DEFENDANT:  Yes.

23           THE COURT:  All right.  And has anyone made any

24   threats or promises to you to induce you to waive

25   indictment, besides what's in the plea agreement, I guess I

12

1    should say?

2              THE DEFENDANT:  [Inaudible].

3              THE COURT:  All right.  So having been advised of

4    your rights, Mr. Shives, do you still wish to waive your

5    right to indictment and have the case proceed against you by

6    information?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Okay.  Thank you.

9              The waiver of indictment is accepted.  And the

10   court finds that it was knowingly and voluntarily made.

11             All right.  Now I indicate that we are going to go

12   through a lot of questions.  As we continue with this

13   proceeding, Mr. Shives, I want to remind you that you also

14   have your right to remain silent.  You are not required to

15   make a statement against yourself.  Before receiving your

16   guilty plea, I am going to ask you questions to assure that

17   your plea is valid.  And by answering those questions, you

18   are going to make statements against your own interest and

19   you will incriminate yourself.

20             Do you understand that by proceeding with your

21   guilty plea today, you're giving up your right to remain

22   silent?

23             THE DEFENDANT:  Yes.

24             THE COURT:  All right.  Thank you.

25             I am going to place you under oath.  Mr. Shives,

1   can you please raise your right hand?

2       (Defendant sworn.)

3           THE COURT:  All right.  Thank you.  You may put

4   your hand down.

5           Mr. Shives, you have now been sworn and you are

6   under oath to tell the truth.  Your answers to my questions

7   will be subject to the penalty of perjury if you do not tell

8   the truth.

9           Do you understand that?

10          THE DEFENDANT:  [Inaudible].

11          THE COURT:  All right.  As I stated, one of the

12  first things I need to do is establish that you are

13  competent to plead guilty.  To do that, I am going to start

14  by asking you some background questions.

15          Can you please tell me your full name?

16          THE DEFENDANT:  Ethan Andrew Shives.

17          THE COURT:  And can you tell me your age?

18          THE DEFENDANT:  Thirty-two.

19          THE COURT:  And are you a citizen of the United

20  States, Mr. Shives?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And how far did you go in school?

23          THE DEFENDANT:  I went to community college.

24          THE COURT:  Okay.  And are you currently on

25  probation, parole or supervised release for any state or

1    federal conviction?

2              THE DEFENDANT:  No.

3              THE COURT:  And have you been treated in the last

4    12 months for any mental illness, addiction to alcohol or

5    addiction to narcotic drugs?

6              THE DEFENDANT:  No.

7              THE COURT:  In the past 24 hours, have you taken

8    any medication, drugs or consumed any alcohol?

9              THE DEFENDANT:  [Inaudible].

10             THE COURT:  Do you understand what's happening

11   here today, Mr. Shives?

12             THE DEFENDANT:  Yes.

13             THE COURT:  And what is that?

14             THE DEFENDANT:  A change of plea hearing.

15             THE COURT:  Okay.  All right.  Mr. Kadish, do you

16   have any doubts regarding Mr. Shives' ability to understand

17   what's happening here today and the consequences of his

18   guilty plea?

19             MR. KADISH:  I have none.

20             THE COURT:  Mr. Sullivan, same question?

21             MR. SULLIVAN:  Same answer, Judge, no concerns.

22   Thank you.

23             THE COURT:  All right.  Thank you.

24             All right.  Mr. Shives, again, I want to remind

25   you you are going to be giving up many constitutional rights

15

1    today.  However, you will continue to have your right to

2    representation at each stage of the proceedings throughout

3    this case.  If at any point you couldn't afford counsel, the

4    court would appoint counsel to represent you.

5           You are represented here today by Mr. Kadish and

6    Mr. Milano.  Have you had enough time to discuss with them

7    the charges made against you and your response to those

8    charges?

9           THE DEFENDANT:  [Inaudible].

10          THE COURT:  Have you told them everything you know

11   about this case?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Have you discussed your plea agreement

14   with them and the consequences of pleading guilty?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Are you completely satisfied with

17   their representation of you?

18          THE DEFENDANT:  Yes.

19          THE COURT:  All right.  As I stated, Mr. Shives,

20   now that we have established that you are competent, there

21   also are several constitutional rights that you are giving

22   up by proceeding with your guilty plea today.  These are

23   summarized in paragraph 1 of your plea agreement, but I want

24   to go over them in some more detail.

25          The first is the right to a jury trial.  You have

16

1   the right to stand by your trial -- your -- sorry, stand by

2   your plea of not guilty and to require the government to

3   proceed to trial.  You have the right to a trial by jury or

4   a bench trial with the government's permission, including

5   the assistance of counsel at trial.

6           At this trial, you would be presumed innocent.

7   The government would be required to prove you guilty by

8   competent evidence beyond a reasonable doubt as to each

9   element of the offenses that you are charged with.  You

10  would not have to prove that you are innocent.

11          Do you understand those rights, Mr. Shives?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And do you understand that by pleading

14  guilty, you are giving up those rights?

15          THE DEFENDANT:  [Inaudible].

16          THE COURT:  All right.  You also have the right to

17  compulsory process.  That means at trial, you have the right

18  to the issuance of subpoenas to require the attendance of

19  witnesses to testify in your defense.

20          Do you understand that right?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand that by pleading

23  guilty, you are giving up that right?

24          THE DEFENDANT:  Yes.

25          THE COURT:  All right.  You also have the right to

1    confront witnesses.  That means at trial you have the right

2    to see, hear, cross-examine all the witnesses that the

3    United States would present against you.

4              Do you understand that right?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And do you understand that by

7    proceeding with your guilty plea, you are giving up that

8    right?

9              THE DEFENDANT:  [Inaudible].

10             THE COURT:  All right.  You also have the right to

11   remain silent.  That means at trial, while you would have

12   the right to testify if you chose to do so, you would also

13   have the right not to testify, and no inference or

14   suggestion of guilt could be drawn from the fact that you

15   did not testify.

16             Do you understand that right?

17             THE DEFENDANT:  Yes.

18             THE COURT:  And do you understand by proceeding

19   with your guilty plea, you are giving up that right?

20             THE DEFENDANT:  Yes.

21             THE COURT:  All right.  You also have the right

22   against self-incrimination.  That means if you proceed with

23   your guilty plea today, as I -- as I stated earlier, you

24   will be giving up your right not to incriminate yourself.

25   Shortly, I'm going to ask you questions about what you did

18

1    to satisfy myself that you are guilty as charged.  In order

2    for you to plead guilty, you will have to acknowledge your

3    guilt to make a valid plea.

4             Do you understand your right not to incriminate

5    yourself?

6             THE DEFENDANT:  Yes.

7             THE COURT:  And do you understand that by

8    proceeding here today, you are giving up that right?

9             THE DEFENDANT:  Yes.

10            THE COURT:  All right.  To summarize, Mr. Shives,

11   if you plead guilty and the district judge accepts your

12   plea, you will give up all of the rights that I have just

13   discussed, there will not be a trial, the district judge

14   will enter a judgment of guilty and sentence you on the

15   basis of your guilty plea after considering the presentence

16   report.

17            Do you understand all of that?

18            THE DEFENDANT:  Yes.

19            THE COURT:  And do you also understand that the

20   offense that you are pleading guilty to is a felony offense,

21   and that a judgment of guilty may deprive you of certain

22   valuable civil rights, such as the right to vote, the right

23   to hold public office, the right to serve on a jury and the

24   right to possess a firearm?

25            THE DEFENDANT:  Yes.

19

1          THE COURT:  And do you also understand,

2     Mr. Shives, that if you proceed with your guilty plea and

3     the district judge accepts your plea, there are very limited

4     circumstances under which your plea may be withdrawn?

5          THE DEFENDANT:  Yes.

6          THE COURT:  All right.  Thank you.

7          All right.  Mr. Shives, do you have a copy of the

8     information?

9          THE DEFENDANT:  Not with me.

10          THE COURT:  Okay.  But you've gone over it with

11     your attorney and we just went over it in the arraignment

12     portion too; is that correct, Mr. Shives?

13          THE DEFENDANT:  [Inaudible].

14          THE COURT:  I didn't hear you.

15          THE DEFENDANT:  Yes.  We went over it, yes.

16          THE COURT:  Thank you.

17          All right.  I'm now going to have the Assistant

18     United States Attorney go over the charge in the

19     supplemental information again.  Mr. Sullivan, not the

20     penalties, just the charge is enough.

21          MR. SULLIVAN:  All right.  Thank you, Judge.

22          Judge, the charge charges Mr. Shives with one

23     count of receipt of visual depictions of minors engaged in

24     sexually explicit conduct, and that is a violation of 18

25     United States Code Section 2252(a)(2).

1          THE COURT:  All right.  Mr. Shives, have you

2     discussed with your attorney this charge in Count 5 of the

3     supplemental information that you are intending to plead

4     guilty to?

5          THE DEFENDANT:  [Inaudible].

6          THE COURT:  It went out.  I didn't hear you.

7          THE DEFENDANT:  Yes, I am.

8          THE COURT:  And do you understand that charge?

9          THE DEFENDANT:  Yes.

10         THE COURT:  All right.  I'm now going to have

11    Mr. Sullivan go over the elements for that offense.  This is

12    also found in paragraph 12 of your plea agreement.

13         MR. SULLIVAN:  The elements are as follows, Judge:

14    First, that the defendant knowingly received a visual

15    depiction;

16         Second, that such visual depiction was shipped or

17    transported in interstate or foreign commerce by any means,

18    including by computer;

19         Third, that the production of such visual

20    depiction involved the use of a real minor engaging in

21    sexually explicit conduct;

22         Fourth, that such visual depiction is of a minor

23    engaging in sexually explicit conduct;

24         And fifth, that the defendant knew that the

25    individual in such visual depiction was a minor and used the

1    visual depiction was of such minor engaged in sexually

2    explicit conduct.

3              THE COURT:  Mr. Kadish, do you agree with the

4    elephants -- "elephants" -- with the elements that

5    Mr. Sullivan has just stated?

6              MR. KADISH:  Yes, and those elements were reviewed

7    with Mr. Shives on July 1st, as evidenced by his initials on

8    what is, I believe, page 3 of the plea agreement.

9              THE COURT:  All right.  Thank you.

10              MR. KADISH:  Page 4.  3 and 4.

11              THE COURT:  Thank you.

12              And, Mr. Shives, do you understand the elements?

13              THE DEFENDANT:  [Inaudible].

14              THE COURT:  I think your audio is going out

15    intermittently, Mr. Shives, so I didn't hear you.

16              Do you understand the elements?

17              MR. KADISH:  Ethan, can you speak up?

18              THE DEFENDANT:  I do.  I said yes.

19              THE COURT:  Okay.  Thank you.

20              All right.  I'm now going to have Mr. Sullivan go

21    over the penalties associated with that offense.  Those are

22    also found in paragraph 2 of your plea agreement,

23    Mr. Shives.

24              Mr. Sullivan?

25              MR. SULLIVAN:  Thank you, Judge.

1          The penalties are as follows:  Maximum

2     imprisonment of 20 years, minimum mandatory term of 5 years'

3     imprisonment, maximum statutory fine of $250,000, maximum

4     term of supervised release of life, with a minimum term of

5     supervised release being 5 years, a $100 mandatory special

6     assessment, and a $5,000 additional special assessment

7     pursuant to the Victims -- Justice for Victims of

8     Trafficking Act.

9          THE COURT:  All right.  Thank you.

10          Mr. Shives, do you understand, which is also

11     stated in paragraph 3 of your plea agreement, that by

12     pleading to this charge, that it cannot be satisfied by a

13     term of probation, but, in fact, it must be satisfied from a

14     period of incarceration that must be at least five years?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  And do you also understand

17     that in addition to the $100 special assessment, you will be

18     ordered to pay a $5,000 amount pursuant to the Justice for

19     Victims of Trafficking Act?

20          THE DEFENDANT:  Yes.

21          THE COURT:  All right.  Thank you.

22          Do you also understand that the court may order

23     you to pay the costs of prosecution and sentence, including,

24     but not limited to, imprisonment, community confinement,

25     home detention and supervised release?

1          THE DEFENDANT:  [Inaudible].

2          THE COURT:  All right.  And to the extent that any

3     type of additional restitution is applicable in this case,

4     do you understand that the court may order you to pay

5     restitution?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.  Mr. Shives, your decision

8     to plead guilty here today is the result of the exercise of

9     your own free will?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Has anyone threatened you or

12     threatened anyone else or forced you in any way to plead

13     guilty?

14          THE DEFENDANT:  No.

15          THE COURT:  All right.  We have been talking about

16     some provisions in this plea agreement between you and the

17     government.  Mr. Shives, I'm now looking at the final page

18     of this plea agreement, which purports to be page 10.  On

19     that page, it has your signature, the signature of your

20     attorney and the signature of the government's attorney.

21          Did you read over this plea agreement in its

22     entirety with your attorneys prior to signing it,

23     Mr. Shives?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Did you have an opportunity to discuss

24

1    it with them and ask any questions you might have had about

2    this plea agreement?

3                    THE DEFENDANT:  Yes.

4                    THE COURT:  On each page, Mr. Shives, it also has

5    the initials ES.  Did you put those initials there?

6                    THE DEFENDANT:  Yes.

7                    THE COURT:  And did you read each of those pages

8    before putting your initials on it?

9                    THE DEFENDANT:  Yes.

10                   THE COURT:  All right.  Do you understand the

11   terms of this plea agreement, Mr. Shives?

12                   THE DEFENDANT:  Yes.

13                   THE COURT:  Do you have any questions about this

14   plea agreement?

15                   THE DEFENDANT:  No.

16                   THE COURT:  All right.  Regarding this plea

17   agreement, Mr. Shives, looking to paragraph 10 and 11.  Do

18   you understand that with this plea agreement, you are

19   agreeing to plead to Count 5 of the supplemental information

20   in this case?

21                   THE DEFENDANT:  Yes.

22                   THE COURT:  And do you understand that upon

23   sentencing, the government is agreeing to move to dismiss

24   the charges in Counts 1, 2, 3 and 4 in the indictment?

25                   THE DEFENDANT:  Yes.

MARY L. UPHOLD, RDR, CRR        (330) 884-7424

1          THE COURT:  Has anyone, including your attorney,

2    the attorney for the government, or the court made any

3    promise to you other than those contained in this plea

4    agreement, Mr. Shives?

5          THE DEFENDANT:  No.

6          THE COURT:  All right.  Thank you.

7          All right.  Mr. Shives, I want to direct your

8    attention to paragraph 19 of your plea agreement.  This plea

9    agreement -- this part of the plea agreement goes over the

10   waiver of your appeal and post-conviction rights.

11         Do you understand that you cannot appeal your

12   sentence except under the limited circumstances listed in

13   that paragraph?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Do you also understand that you cannot

16   contest your sentence by any post-conviction proceedings

17   except under the limited circumstances listed in that

18   paragraph?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And do you understand that in some

21   circumstances, the government may have the right to appeal

22   the sentence imposed?

23         THE DEFENDANT:  Yes.

24         THE COURT:  All right.  And have you had an

25   opportunity to discuss with your attorney how the sentencing

1    guidelines might apply to your case?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Mr. Sullivan?

4              MR. SULLIVAN:  Yes, Judge.

5              THE COURT:  Is there supposedly no sentencing

6    table?

7              MR. SULLIVAN:  There is not.  There is no

8    agreement in this plea agreement about the sentencing

9    guidelines calculation.

10             THE COURT:  Oh, okay.  Okay.  Perfect.  Thank you.

11             All right.  So, Mr. Shives, have you talked to

12   your attorneys about how the guidelines might apply,

13   although it's not in the plea agreement?

14             THE DEFENDANT:  [Inaudible].

15             THE COURT:  I didn't hear you, Mr. Shives.

16             THE DEFENDANT:  Yes.

17             THE COURT:  All right.  Thank you.

18             Mr. Kadish, can you please tell me, what is the

19   estimate of the offense level that you have given to

20   Mr. Shives?

21             MR. KADISH:  I was not anticipating having you ask

22   me that.  Can I have your indulgence for a moment?

23             THE COURT:  No problem.  Mr. [Unintelligible],

24   what is your estimate?

25             MR. MILANO:  I'm sorry, Judge, were you talking to

1    me?

2              THE COURT:  Yes, uh-huh.

3              MR. MILANO:  I'm going to give you the same answer

4    as Mr. Kadish.

5              MR. KADISH:  If I could, I only have a portion of

6    Mr. Shives' file in front of me.  May I step away for a

7    moment, Your Honor?

8              THE COURT:  No problem.  Go ahead.

9         (Pause.)

10             MR. KADISH:  Oh, actually I have them online, Your

11   Honor.

12             THE COURT:  No problem.

13             MR. SULLIVAN:  I think I -- I think I have him at

14   a 33 before acceptance.

15             MR. KADISH:  Yeah, I don't think we were that

16   high.

17             THE COURT:  I figured it would be different.

18             And then, Mr. Sullivan, what is your estimate of

19   the criminal history category?

20             MR. SULLIVAN:  I believe he would be a I.

21             MR. KADISH:  I would agree with -- I would agree

22   with that, Your Honor.  I think we all agree he's Criminal

23   History Category Number I.

24             THE COURT:  All right.  So, Mr. Shives, first

25   looking at the government's estimate, the government

1    estimates that your offense level is a 33.  With three

2    levels of acceptance, that puts you down to a 30.  And if

3    you were a Criminal History Category I, that would put you

4    at 97 to 121 months on the guidelines.

5            Do you understand that, Mr. Shives?

6            THE DEFENDANT:  Yes.

7            THE COURT:  All right.  Thank you.

8            And --

9            MR. KADISH:  Your Honor, in response to your

10   question --

11           THE COURT:  Uh-huh.

12           MR. KADISH:  -- depending on the variety of

13   enhancement, and obviously that's the meat of this, we have

14   had an adjusted guidelines level of, I believe, 26, which

15   would mean I believe we've placed Mr. Shives in a

16   preliminary estimate of 29.

17           THE COURT:  Okay.  All right.  So, Mr. Shives,

18   based on your counsel's estimate, you would be a 29, so with

19   three levels of acceptance, that puts you at 26.  If you

20   were a Criminal History Category I, which he estimates,

21   you'd be looking at 63 to 78 months.

22           Do you understand that, Mr. Shives?

23           THE DEFENDANT:  Yes.

24           THE COURT:  All right.  All right.  Now I want

25   to -- so you understand, Mr. Shives, additionally, looking

1    at your plea agreement, that there is no agreement about the

2    criminal history category -- this is in paragraph 18 --

3    between the government and you?  Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  And do you also understand in

6    paragraph 15, there is no agreement between you and the

7    government about the sentence or the sentencing range?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Or even the guidelines, it appears.

10             Do you understand that, Mr. Shives?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right.  So you understand that at

13   sentencing, the government may -- although your attorney

14   estimates that your guidelines may be 63 to 78 months, the

15   government may ask for somewhere between 97 to 121 months or

16   more, they might be asking for something different.

17             Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  And do you understand that the court

20   will determine the criminal history category that applies to

21   your case after reviewing the presentence report?

22             THE DEFENDANT:  Yes.

23             THE COURT:  And do you also understand that

24   sentencing rests with the discretion of the court, and the

25   federal sentencing law requires the court to impose a

1    sentence which is sufficient, but not greater than

2    necessary, with the -- but not greater than necessary, and

3    that the court will consider your sentencing guidelines

4    range in determining the reasonable sentence?

5              THE DEFENDANT:  Yes.

6              THE COURT:  And do you understand that the court

7    will determine your sentencing guidelines imprisonment range

8    that applies to your case after a presentence report has

9    been prepared and reviewed?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And do you understand the court must

12   also consider the sentencing factors under Title 18 United

13   States Code Section 3553(a) in determining the sentence?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And do you understand, Mr. Shives,

16   that any recommendation, to the extent there -- I guess

17   there aren't any in this plea agreement, but any

18   recommendations by your counsel or the government are not

19   binding on the court and the court may impose any sentence

20   provided by law?

21             THE DEFENDANT:  Yes.

22             THE COURT:  All right.  And you understand that

23   the court alone will decide what sentence to impose, whether

24   there is any basis -- what the guidelines are, whether there

25   is any basis to depart from that range or to sentence

1   outside of that range?

2            THE DEFENDANT:  Yes.

3            THE COURT:  And do you understand if the court

4   sentence -- I'm sorry, the court sentences you to a sentence

5   different than what your counsel is recommending, you still

6   will not have the right to withdraw your guilty plea?

7            THE DEFENDANT:  Yes.

8            THE COURT:  And do you understand that parole has

9   been abolished, and that if you are sentenced to prison, you

10  will not be released on parole?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Having discussed all of that with you,

13  Mr. Shives, do you still wish to proceed with your guilty

14  plea?

15           THE DEFENDANT:  Yes.

16           THE COURT:  All right.  All right.  I now want to

17  go down to the portion of your plea agreement, Mr. Shives,

18  that deals with the factual basis.  This starts on page 6 of

19  your plea agreement.  It's paragraph 20.  And it continues

20  onto page 7 of your plea agreement, to paragraph 21.

21           Did you review those paragraphs with your attorney

22  prior to initialing pages 6 and 7, Mr. Shives?

23           THE DEFENDANT:  Yes.

24           THE COURT:  All right.  And do you agree to --

25  well, before I get to that, sorry.

1          Mr. Sullivan, is there anything additional the

2     government wishes to add regarding Mr. Shives' conduct?

3          MR. SULLIVAN:  No, thank you, Judge.

4          THE COURT:  All right.  And, Mr. Kadish, does

5     Mr. -- is there any objections that you have to the factual

6     basis as it's listed in this plea agreement?

7          You're on mute.  Sorry.

8          MR. KADISH:  Sorry about that, Judge.

9          Having reviewed the factual basis with Mr. Shives

10    on July 1st, it is my understanding that Mr. Shives agrees

11    that the factual basis contained on pages 6 and 7,

12    specifically paragraph 20 of the plea agreement, are what

13    the government would prove.

14          Is that correct, Mr. Shives?  We're talking about

15    the actual facts for the plea.

16          THE DEFENDANT:  [Inaudible].

17          MR. KADISH:  I'm sorry, I didn't hear your

18    response, Ethan.

19          THE DEFENDANT:  I said yes.

20          MR. KADISH:  Okay.

21          THE COURT:  Thank you.

22          And, Mr. Shives, are there any facts that you wish

23    to change about what is in paragraph -- OR paragraph 20 on

24    pages 6 and 7 of your plea agreement?  Is there anything you

25    wish to change?

33

1          MR. KADISH:  And, Ethan, knowing you don't have it

2     in front of you, right, you don't have it in front of you,

3     correct?

4          THE DEFENDANT:  No.

5          MR. KADISH:  What I can do in case you -- I want

6     to be completely certain, even though you've already signed

7     it, that you don't have any changes or adjustments, it can

8     be read on the record to you right now.  Because normally

9     you would be sitting next to me and I could just let you

10    look at it.  But since we're doing this by Zoom, I am happy

11    to read it.

12          Would you like me to do that just to verify that

13    what the government is saying happened is what you now agree

14    happened?

15          THE DEFENDANT:  Yeah, go ahead and read it, I

16    guess.

17          MR. KADISH:  Would Your Honor like me to read it

18    or would you like to read it?

19          THE COURT:  You can read it.

20          MR. KADISH:  Okay.  Thank you.

21          "Defendant agrees that the following summary

22    fairly and accurately sets forth defendant's offense conduct

23    and the factual basis for the guilty plea.  Defendant

24    further agrees that the facts set forth in this summary are

25    true and could be established beyond a reasonable doubt if

1    the case were to proceed in trial:"

2              Are you listening closely, Ethan?

3              THE DEFENDANT:  Yes.

4         MR. KADISH:  Okay.  "From on or about January

5    21st, 2016 through on or about January 25th, 2016, in the

6    Northern District of Ohio, and elsewhere, Defendant Ethan

7    Shives and David Pece, named but not charged in this count,

8    did knowingly receive visual depictions of a minor, to wit:

9    Minor Victim 4, engaged in sexually explicit conduct, as

10   defined in 18 U.S.C. 2256(2)."

11             That's the code section, Ethan, that defines what

12   is sexually explicit conduct.

13             Do you understand that?

14             THE DEFENDANT:  [Inaudible].

15        MR. KADISH:  Okay.  "That has been shipped and

16   transported in and affecting interstate and foreign commerce

17   by any means, including by computer, and that has been

18   shipped and transported using any means or facility of

19   interstate and foreign commerce, all in violation of Title

20   18 United States Code Sections 2252(a)(2) and 2."

21             Do you understand that?

22             THE DEFENDANT:  Yes.

23        MR. KADISH:  "From on or about January 21, 2016

24   through on or about January 25, 2016, Defendant and David

25   Pece, along with others known and unknown to law

1    enforcement, received video depictions of Minor Victim 4, a

2    minor female, engaging in sexually explicit conduct, as

3    defined in 18 U.S.C. 2256(2), on web camera so that

4    Defendant Pece -- that Defendant and Pece and others could

5    view and record this sexually explicit conduct."

6              Do you understand that?

7              THE DEFENDANT:  Yes.

8              MR. KADISH:  Do you agree with that part?

9              THE DEFENDANT:  Yes.

10             MR. KADISH:  "Specifically, Defendant, Pece and

11   others visited chat room-based websites including Chateen.

12   On Chateen, Defendant used the screen name 'Tuck.'"

13             Do you agree with that?

14             THE DEFENDANT:  Yes.

15             MR. KADISH:  "Once minor victims were lured by

16   others to Chateen, individuals known and unknown to law

17   enforcement enticed and attempted to entice the minor

18   victims to engage in sexual acts and to lasciviously display

19   their genitals and pubic area via web camera."

20             Do you agree with that?

21             THE DEFENDANT:  Yes.

22             MR. KADISH:  It doesn't say you specifically tried

23   to entice them, but that you were receiving those images via

24   computer.

25             THE DEFENDANT:  Yes.

1    MR. KADISH: Okay. "Specifically, between January

2    21, 2016 and January 25, 2016, Minor Victim 4 visited a

3    Chateen chat room occupied by Defendant, Pece and others,

4    and engaged in sexually explicit conduct on webcam, some of

5    which defendant recorded."

6    Do you agree with that?

7    THE DEFENDANT: Yes.

8    MR. KADISH: "Defendant Pece was a resident of the

9    Northern District of Ohio and participated in this activity

10    from the Northern District of Ohio.

11    "On April 4th, 2019, Defendant was interviewed by

12    law enforcement."

13    Now, that was you and that happened in Maryland.

14    You remember that, correct?

15    THE DEFENDANT: Yes.

16    MR. KADISH: Okay. "Defendant admitted visiting

17    Chateen. He further admitted to being sexually interested

18    in children and having viewed child pornography of minors

19    between the ages of 11 and 13 years old. He additionally

20    admitted to currently using a different online application

21    to search for child pornography and viewing underage girls

22    undress and masturbate while transmitting such activity

23    using a web camera.

24    "Subsequently, a search warrant was executed and

25    Defendant's computer was seized. A forensic examination

1     revealed images and videos of minors engaged in sexually

2     explicit conduct, including some on Chateen."

3              That is the sum and substance of paragraph 20.  Is

4     there any portion of that that you do not agree is accurate?

5     Now is your time to say so if you disagree.

6              THE DEFENDANT:  [Inaudible].

7              MR. KADISH:  I'm sorry?

8              THE DEFENDANT:  That's accurate.

9              MR. KADISH:  That's accurate?  Okay.

10             I believe that he has acknowledged paragraph 20,

11    sum and substance, to be accurate, Your Honor.

12             THE COURT:  Very good.  Thank you.

13             Mr. Shives, that conduct that was just described

14    and that you agreed was accurate, does it correctly depict

15    your conduct that has alleged the charge that you are

16    pleading guilty to today?

17             THE DEFENDANT:  Yes.

18             THE COURT:  All right.  Thank you.

19             Counsel, is there any right or procedural

20    provision that I have failed to account for before receiving

21    Mr. Shives' guilty plea?

22             MR. SULLIVAN:  No, Judge.  Thank you.

23             MR. KADISH:  No, Your Honor.

24             THE COURT:  All right.  Thank you.

25             Mr. Shives, I am prepared to receive your plea at

1   this time.  Do you have any questions for your counsel or do

2   you have any questions for me before I ask you what your

3   plea is?

4           THE DEFENDANT:  [Inaudible].

5           THE COURT:  Sorry, it cut out.  What did you say,

6   Mr. Shives?

7           THE DEFENDANT:  No.

8           THE COURT:  All right.  Thank you.

9           Mr. Shives, having advised you of your rights,

10  having found you competent, having found a factual basis for

11  your plea, how do you plead to Count 5 of the information,

12  guilty or not guilty?

13          THE DEFENDANT:  Guilty.

14          THE COURT:  Thank you.  Mr. Shives, are you

15  pleading guilty to the offense charged in Count 5 of the

16  information because you are, in fact, guilty of the offense

17  charged?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Thank you.

20          It is my finding that the defendant, Mr. Shives,

21  is fully competent and capable of entering an informed plea,

22  he is aware of the nature of the charges brought against him

23  and the consequences of his plea, his plea of guilty to

24  Count 5 of the information or supplemental information in

25  this case is a knowing and voluntary plea supported by an

1    independent basis in fact containing each of the essential

2    elements of the offense charged.

3          I therefore recommend that the district judge

4    approve the plea agreement, accept Mr. Shives' plea and

5    adjudge him guilty of the offense charged in Count 5 of the

6    information.

7          Mr. Shives, prior to the time of your sentencing,

8    the court will enter a presentence investigation report.  It

9    is in your best interest to cooperate with the probation

10   officer in furnishing information for that report, because

11   that report will be critical to the court's decision of what

12   your sentence will be.

13         It will inform the district judge's application of

14   the 3553(a) factors and the judge's obligation to impose a

15   sentence that is sufficient, but not greater than necessary.

16         You and your counsel, Mr. Shives, will have the

17   opportunity to examine that report and comment on it prior

18   to sentencing and at the time of sentencing.

19         Additionally, if you choose to do so, Mr. Shives,

20   you will have the right to be reasonably heard at the time

21   of sentencing, and therefore, can speak if you choose to do

22   so.

23         Regarding sentencing in this matter, your

24   sentencing is scheduled for November 30th, 2022 at 12 p.m.

25   in front of District Judge Lioi.

1          In the meantime, Mr. Shives will be continued to

2     be remanded to the custody of the United States Marshal

3     pending that sentencing.

4          Is there anything further on behalf of the

5     government?

6          MR. SULLIVAN:  No, thank you, Judge.

7          THE COURT:  Thank you.

8          Anything further on behalf of the defendant,

9     Mr. Shives?

10         MR. KADISH:  No, Your Honor.

11         THE COURT:  All right.  Thank you, everyone.  We

12    are adjourned.  Thank you.

13       (Thereupon, proceedings concluded at 10:57 a.m.)

14                          - - -

15

16               C E R T I F I C A T E

17

18       I certify that the foregoing is a correct transcript,

19    to the best of my ability, transcribed from a digital audio

20    recording from the record of proceedings in the

21    above-entitled matter.

22

23            */s/ Mary L. Uphold*        August 22, 2022
              Mary L. Uphold, RDR, CRR    Date
24

25